■ Nancy J. De Soye, by Harold De Soye, Her Guardian ad Litem, et al., Plaintiffs, v. Abraham Kaplan et al., Defendants. Nancy J. De Soye, Respondent, v. Arthur Levitt, as Comptroller of the State of New York, Appellant.— In a proceeding against the Comptroller of the State of New York, by petitioner Nancy Jean De Soye, who formerly was the infant plaintiff in a negligence action to recover damages for personal injury and who has since attained the age of 21, to direct the Comptroller to pay to her the sum of $3,315.79, less his " lawful fees but including all accrued interest thereon to date ", the Comptroller appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated June 23, 1964, as, in granting the petition to pay over said sum: (a) directed him to pay " any interest earned thereon from the time such funds were deposited " with him by the County Treasurer of Nassau County; and (b) failed to direct or to permit him to deduct his statutory fees. Order modified on the law as follows: (1) by striking out the provision directing the Comptroller to pay the sum of $3,315.79 to plaintiff, Nancy Jean De Soye, " together with interest earned thereon from the time such funds were

deposited" with him by the County Treasurer of Nassau County; and (2) by substituting therefor a provision directing the Comptroller to pay the sum of $3,315.79 to the petitioner, Nancy Jean De Soye, without any accretions of interest and without deduction for any fees or service charges. As so modified, order, insofar as appealed from, affirmed, without costs. No issues of fact were considered. On May 21, 1948 an order was made in the negligence action approving its settlement and compromise and directing that the net balance of the settlement, to wit, the sum of $2,333.33, be paid to the County Treasurer of Nassau County "for the benefit of the infant plaintiff, Nancy Jean De Soye," and further directing the County Treasurer to invest the said proceeds in United States Government bonds. Said plaintiff, who was born March 12, 1943, was then about five years of age. In 1948, when the said order was made, the statute (Abandoned Property Law, § 600, subd. 1, par. [a]) referred to money paid into court, which shall have remained in the hands of any County Treasurer for 20 years, as abandoned property. On or about August 8, 1963, the County Treasurer, purporting to act in accordance with the statute (Abandoned Property Law, § 600), paid the sum of $3,315.79 to the State Comptroller. That sum included the $2,333.33 which had been deposited with him on or about June 10, 1948, pursuant to the order settling the action, plus interest of $1,051.45 and less certain fees and charges. In May, 1964, after the plaintiff had reached the age of 21, she instituted the instant proceeding to obtain the said sum of $3,315.79, less the Comptroller's lawful fees but including all lawful interest thereon to date. The basic issues on the appeal are whether the State Comptroller may be required to pay interest and be deprived of a service charge or fee in this proceeding. While section 600 (subd. 1, par. [a]) of the Abandoned Property Law refers to moneys paid into court as abandoned property when the moneys shall have remained in the hands of any County Treasurer for five years, paragraph (d) of that subdivision provides that property deemed abandoned shall include any "moneys, securities or other intangible personal property in the custody of a county treasurer" provided "(i) such property was voluntarily paid or deposited with a court, officer of a court or a person authorized by a court to receive such property, and (ii) *such deposit was not made pursuant to order of the court in any action or proceeding*" (emphasis added). In our opinion, since the net proceeds of the settlement were turned over in 1948 to the County Treasurer for the benefit of the plaintiff, then an infant, pursuant to an order of the court in the negligence action, they should not have been deemed abandoned property within the intendment of the statute (Abandoned Property Law, § 600), and therefore the sum of $3,315.79 was erroneously paid to the State Comptroller by the County Treasurer. Since the moneys were erroneously paid to the State Comptroller, he was not entitled to deduct any service charge (Abandoned Property Law, § 1404, subd. 4). The mere fact that the moneys were erroneously paid to the State Comptroller does not mean that the plaintiff is entitled to interest as against him or the State. The State Comptroller is not required to invest all moneys turned over to him as abandoned property (*Moufang* v. *State of New York*, 295 N. Y. 121); and there is no statute requiring him to pay interest on any funds he received as abandoned property (cf. *Moufang* v. *State of New York, supra*; *Samuel Adler, Inc.* v. *Noyes*, 285 N. Y. 34). The State Finance Law (§ 95) specifically provides that any interest received by the State Comptroller on moneys deposited by him in "the abandoned property fund" (as described in subdivision 1 of that section) "and any interest or other moneys received by him on account of any personal property other than money, retained by him for the benefit of such fund, shall be the property of the state and shall be credited to such fund." It has been stated that "Interest is allowed only when provided for by contract,

express or implied, or by statute, or when, as damages, it becomes due after a default by the person liable to pay" (*Matter of Ittleman* [*City of New York*], 286 N. Y. 150, 153). In our opinion, the Abandoned Property Law was not intended to entitle a claimant to interest from the State or the State Comptroller on funds turned over to him, whether they were turned over to him properly or improperly (Abandoned Property Law, §§ 1404, 1405; State Finance Law, § 95; *Matter of Ittleman* [*City of New York*], *supra*; *Moufang* v. *State of New York*, *supra*). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.