■ CREATIVE INCEPTION, INC., Respondent, v ASHLEY R. ANDREWS, Appellant.—Judgment entered in the Supreme Court, New York County, on April 9, 1974 in plaintiff's favor unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the money judgment in favor of respondent and directing a new trial on the issue of whether appellant's negligence was the proximate cause of the loss of respondent's liquor license and, if so, on the issue of damages, if any, and as so modified, the judgment is affirmed, without costs or disbursements to either party. In April, 1971 appellant, an attorney at law, was retained on plaintiff's behalf to represent plaintiff before the State Liquor Authority in an effort to save its on-premises liquor license, following the arrest of one of its officers on a heroin possession charge. It was essential to promptly file the necessary applications with the licensing authorities to effectuate a corporate change by removal of the arrested officer from any connection with the licensee. And while appellant received the necessary information and gathered the required data shortly after he was retained, he admitted that he did not file the required application until November 30, 1971. The record further shows that appellant secluded himself from his client and from the investigators of the licensing agencies at the crucial times when plaintiff's license was in jeopardy. The issue as to defendant's liability in this legal malpractice action was fairly and fully litigated and was properly submitted to the jury. The verdict in plaintiff's favor as to liability is well supported and there is no meaningful reason to believe that a jury, on a retrial of the issue of negligence, would properly reach a different result. Under these circumstances, the interests of justice will be best served by the direction of a retrial solely on the issues of proximate cause and damages. (See CPLR

4404; *Mercado v City of New York,* 25 AD2d 75; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.34; *Crawford v Town of Hamburg,* 19 AD2d 100, 105–106.) However, the record lacks proof of the prospective investors' (to be substituted for the arrested corporate officer) personal and financial backgrounds and their acceptability to the State Liquor Authority. In the absence of evidence of the financial resources and past personal records of the persons said to have been willing to invest in plaintiff, there is no showing that they would be approved to effectuate the corporate change necessary to save the license. Nor has the plaintiff established damages with any reasonable certainty. No records of any kind were introduced into evidence to substantiate the figures testified to by Mr. Nixon, plaintiff's president. The sole evidence on damages in this record consists of unacceptable and unsupported testimony, without the production of a single book, bill, financial statement or any other paper. A verdict predicated on speculation may not stand. *(O'Connor v 595 Realty Corp.,* 23 AD2d 69.) For the foregoing reasons we modify the judgment appealed from and remand for a new trial on the issues of (1) whether defendant's negligence was the proximate cause of cancellation of plaintiff's license and (2) damages, if any, if this issue is reached. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Nunez, JJ.