■ MURRAY BECKER, Appellant, v JULIEN, BLITZ & SCHLESINGER, P. C., et al., Respondents.—Order, Supreme Court, New York County, entered March 1, 1978, granting defendants' motion for summary judgment dismissing the complaint, is unanimously modified, on the law, to the extent of denying said motion insofar as relates to the first cause of action; striking all the subdivisions of paragraph 7 of the amended complaint, except subdivision c; and the order is otherwise affirmed, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered April 21, 1978, denying reargument of the foregoing order, is dismissed, without costs and without disbursements, as nonappealable. Appeal from order, Supreme Court, New York County, entered November 21, 1977, denying plaintiff's motion for the court to disqualify itself, is dismissed, without costs and without disbursements, as abandoned. We agree with Special Term that insofar as this action rests upon a claim that defendants' misconduct resulted in an unfavorable settlement of plaintiff's underlying claim against Zale Corporation, the complaint must be dismissed for the reason that it can only be the sheerest speculation whether a different handling of the case by defendants attorneys, or participation by a particular member of defendants' firm, would have resulted more favorably to plaintiff than the settlement that was actually made. Accordingly, the second cause of action for malpractice was properly dismissed. The first cause of action, however, rests on breach of contract. It appears that by the written retainer agreement, defendants attorneys agreed that if the case was to be tried, a particular named member of the firm, Mr. Julien, would try it. Plaintiff alleges that when the case came to trial, Mr. Julien did not try it. If plaintiff is correct, there may be a breach of contract for which plaintiff may be entitled to recover damages. Even though, for the reasons stated, plaintiff cannot recover damages based on the underlying claim against Zale, we are not prepared to say that there is no possibility that plaintiff will be able to show some damage on some other basis. While the only specific theory of damage contained in the complaint relates to the result of the underlying action, there is an allegation of general damage (although in an amount which in plaintiff's mind is obviously related to the outcome of the underlying cause of action). As plaintiff is appearing without an attorney in this action, we do not think we should construe his pleadings strictly against him. Plaintiff has plainly alleged a breach of contract and general damage. On this motion for summary judgment, it appears that a fee was paid presumably on the terms set forth in the retainer agreement which plaintiff says defendants breached. In these circumstances, plaintiff may perhaps be entitled to some damages with respect to the fee paid, if the fee was not paid voluntarily with full knowledge of the material facts. We hold only that on the present record we cannot say as a matter of law that there was

no breach by the defendants, and if there was, that plaintiff suffered no damage. However, all allegations of Paragraph No. 7 of the first cause of action in the amended complaint other than subdivision c relate to the outcome of the underlying action, and those allegations must be stricken. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ. [95 Misc 2d 64.]