■ ARTHUR FIDLER, Appellant, v BRUCE R. SULLIVAN et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered August 28, 1982 in Albany County, upon a dismissal of the complaint by the court at Trial Term (Prior, Jr., J.), at the close of plaintiff's case. This legal malpractice action was commenced by plaintiff to recover money damages allegedly sustained by plaintiff as the result of defendants' representation of plaintiff in a prior personal injury negligence action tried before a court and jury. The jury found no cause for action in that litigation. On appeal to the Appellate Division, this court affirmed. Upon the trial of the instant malpractice action, defendants moved at the close of plaintiff's evidence for judgment as a matter of law pursuant to CPLR 4401 upon the ground that plaintiff had failed to prove that defendants had deviated from a standard of reasonable care and skill in the presentation of plaintiff's personal injury action, and upon the ground that plaintiff had failed to establish that absent the alleged negligent conduct, plaintiff would have prevailed in the personal injury action. The trial court held that plaintiff had failed to establish a prima facie case of legal malpractice and granted defendants' motion and dismissed the complaint. The trial court held that the errors ascribed to defendants by plaintiff in the prosecution of the personal injury action were matters of professional judgment for which an attorney should not be held liable. This appeal ensued. There should be an affirmance. In order to establish a prima facie case of legal malpractice, a plaintiff must prove the negligence of the attorney, that such negligence was the proximate cause of injury to the plaintiff, and that absent such negligence, plaintiff would have been successful in the underlying action

(*Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 732; *Mendoza v Schlossman,* 87 AD2d 606, 607; *Parksville Mobile Modular v Fabricant,* 73 AD2d 595, 599). This was not done in the case at bar. Moreover, there was no expert opinion evidence offered to establish the standard of professional care and skill that defendants were alleged to have failed to meet (see *Selkowitz v County of Nassau,* 45 NY2d 97, 102; "Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney", 17 ALR3d 1442). The acts and omissions of trial counsel, if any, are insufficient to support an action for malpractice (see *McAleenan v Massachusetts Bonding & Ins. Co.,* 232 NY 199; *Creative Inception v Andrews,* 50 AD2d 553; *Byrnes v Palmer,* 18 App Div 1, 4). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.