■ Leo P. O'Brien, as Executor of the Estate of George L. Mailloux, Deceased, Appellant, v Robert A. Spuck et al., Respondents, et al., Defendant. — Appeal from that portion of a judgment of the Supreme Court, entered July 18, 1983 in Albany County, upon a decision of the court at Trial Term (Cholakis, J.), without a jury, which dismissed plaintiff's second cause of action against defendant James D. Linnan and established July 1, 1980 as the date from which interest is to be computed on plaintiff's judgment against defendant Robert A. Spuck. Plaintiff's decedent, George L. Mailloux, desired to sell a house and 13 acres of real property he owned on Normanskill Road in the Town of New Scotland, Albany County. Mailloux and defendant Robert A. Spuck entered into negotiations and the property was sold to Spuck and his wife for $70,000 on September 20, 1976. Defendant James D. Linnan, an attorney, represented the seller as well as the purchasers on the closing. In exchange for the transfer of this property, Spuck gave the seller a bond in the amount of $70,000 which obligated Spuck to pay the seller $300 a month commencing on September 1, 1976 and running through August 1, 1979. The bond agreement also provided that "in the event the obligor, using due diligence cannot obtain a mortgage [*sic*] upon the said premises * * * in the 37th month, that the payments upon the said Bond shall continue pursuant to the terms hereof until same is paid in full". When Attorney Linnan became aware at the closing that no mortgage was to be given, he told Mailloux that all he was getting was an "I.O.U." and that the only collateral was Spuck's signature. Linnan then had Mailloux sign a disclosure statement which stated that plaintiff was aware that no mortgage was being executed and that the personal

signature of the purchaser was the collateral for the note. Thereafter, on October 14, 1976, Spuck applied for a $50,000 mortgage with City and County Savings Bank. This was approved and the Spucks received a $50,000 check from the bank on November 15, 1976. Mailloux was paid a total of $13,800 in monthly payments pursuant to the bond agreement through June of 1980. He stated that he never learned of the November 15, 1976 mortgage until November of 1979. This suit to rescind the deed was commenced in December of 1979 alleging fraud on the part of defendant Spuck. The complaint also alleged that Spuck was guilty of breach of contract and that Linnan was negligent in his duties at the closing on September 20, 1976. It was also alleged that Linnan breached his fiduciary duties in failing to advise the seller that Spuck had subsequently obtained a mortgage on the property. The trial court ruled that Spuck had not committed fraud on the date of the closing with Mailloux and, therefore, denied the request to set aside the conveyance. That aspect of the decision has not been appealed. The trial court also found the disclosure statement signed by Mailloux negated the allegation that Linnan improperly advised the seller at the closing. The trial court further concluded that while Linnan's knowledge of the mortgage closing was "questionable", it was not necessary to decide that issue since the court found that Linnan was under no continuing duty to pass such knowledge on to Mailloux. The cause of action against Linnan was, therefore, dismissed. The trial court then found that the commencement of the lawsuit could be considered a demand for the entire balance due on the note. The court directed Spuck to pay plaintiff $56,200 plus interest from July 1, 1980, the date of the first missed monthly payment. This appeal by plaintiff followed. The judgment, insofar as appealed from, should be affirmed. Plaintiff's contention that the trial court incorrectly found that Linnan adequately represented Mailloux at the September 20, 1976 property closing is rejected. To establish a prima facie case for legal malpractice, a plaintiff must show that the attorney was negligent in his representation of the plaintiff, that the negligence was the proximate cause of the loss sustained and that the plaintiff suffered actual damages (*Fidler v Sullivan,* 93 AD2d 964; *Mendoza v Schlossman,* 87 AD2d 606, app withdrawn 57 NY2d 778). The disclosure statement establishes that the bond was signed by Mailloux with full knowledge of all the material circumstances and that reasonable use was made by Linnan of the confidence reposed in him (see *Howard v Murray,* 43 NY2d 417). Additionally, there was no expert opinion evidence offered by plaintiff to establish the standard of professional care and skill that Linnan was alleged to have failed to employ (see *Fidler v Sullivan, supra*). Rather, it was Linnan who offered expert proof that he did not deviate from the standard of care required of him. Based on this record, the determination that Mailloux was adequately represented at the property closing on September 20, 1976 should not be disturbed (see *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Next, plaintiff claims that Linnan, in failing to inform Mailloux of the existence of the $50,000 mortgage obtained by Spuck, breached his fiduciary duties to Mailloux. Plaintiff claims this fiduciary duty grew out of Linnan's representation of Mailloux at the property closing on September 20, 1976 and continued after that date and at the time the mortgage was closed on November 15, 1976. The trial court, in finding that there was no duty on the part of Linnan to pass on to Mailloux such information, implicitly determined that the attorney-client relationship had ended as of the date of the closing. Thus, the trial court committed no error in ruling as it did on this issue. Whether Linnan knew of the mortgage closing on November 15, 1976 is, therefore, irrelevant. Finally, plaintiff's argument that the trial court miscalculated its award of interest is unpersuasive. The trial court correctly determined that, according to the terms of the bond, Spuck was

obligated to pay plaintiff $300 per month until August 1, 1979 without interest, and if Spuck was not able to obtain a mortgage as of that time, the monthly payments were to continue. Impliedly, then, Spuck was not required to obtain a mortgage prior thereto nor was he legally obliged to pay Mailloux the proceeds of any mortgage obtained prior to that time. Consequently, no breach of the bond occurred at the time the mortgage was obtained and thus no interest could accrue from that point in time (see *Knab Bros. v Town of Lewiston*, 58 AD2d 1016; *Acme Bldrs. v County of Nassau*, 36 AD2d 317, affd 31 NY2d 924). Further, the trial court properly concluded that the commencement of the suit could be considered a demand for payment and that interest should be assessed from the date of the default instead of the date of maturity of the note (see *Dime Sav. Bank v Carlozzo*, 58 Misc 2d 821). Although interest was due in the 37th month, Mailloux continued to accept payments. The note contained an acceleration clause which stated that the balance would become due at the option of the obligee upon default in a monthly payment. Therefore, interest was properly awarded from the date of default (see *De Soye v Kaplan*, 23 AD2d 560, affd 17 NY2d 532). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.