**Hermine HANLIN, Plaintiff,**

v.

**Marvin MITCHELSON, Defendant.**

No. 84 Civ. 2443 (PKL).

United States District Court,
S.D. New York.

Dec. 5, 1985.

Hermine Hanlin, pro se.

Clair & Daniele, Bernard Clair, New York City, for defendant.

## OPINION

LEISURE, District Judge:

This matter is before the Court on plaintiff's motion to compel further discovery, defendant's cross-motion for summary judgment and plaintiff's cross-motion to amend the complaint.

Plaintiff, Hermine Hanlin, has asserted a malpractice claim against defendant, Marvin Mitchelson, Esq., arising out of his legal representation of plaintiff in a prior arbitration proceeding. Plaintiff was the managing agent for a singing group, The

Manhattans. After a dispute arose out of the partnership agreement between plaintiff and The Manhattans, plaintiff sued the group for breach of contract. Pursuant to the partnership agreement's arbitration clause [1] the matter was heard and decided by a panel of arbitrators from the American Arbitration Association. During the arbitration proceedings, a counterclaim was made to recover monies that Ms. Hanlin allegedly took from a joint bank account she had with a member of the group, Kenneth Kelly. Ms. Hanlin asserts in this case that Mr. Mitchelson negligently handled this part of the proceeding because he allegedly failed to object to the admission of testimony about this transaction.

Plaintiff initially asserted three claims against Mr. Mitchelson: "intimidation" or intentional infliction of emotional distress, defamation and negligence, or legal malpractice. Defendant moved for summary judgment pursuant to Fed.R.Civ.P. 56, or alternatively, to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). By memorandum decision, Hon. David N. Edelstein, United States District Judge of this Court, granted defendant's Rule 12(b)(6) motion and dismissed both the "intimidation" and defamation claims. Judge Edelstein also granted defendant's summary judgment motion for all but one of plaintiff's malpractice allegations. *Hanlin v. Mitchelson,* No. 84 Civ. 2443, slip. op. at 2 (S.D.N.Y. Aug. 23, 1984). Judge Edelstein framed plaintiff's remaining claim in the following terms:

> Plaintiff alleges that at the arbitration defendant negligently failed to object to the counterclaim of one Kenneth Kelly for $26,000.00, on the ground that it was a "personal" matter beyond the scope of the arbitration agreement. The arbitration panel eventually ordered plaintiff to pay Mr. Kelly the sum of $26,750.00.... If this claim was indeed a personal matter beyond the scope of the arbitration,

---

**1.** Article XVI of the Partnership Agreement states "that disputes arising under this agreement ... shall be submitted to arbitration in accordance with the arbitration laws of the State of New York."

defendant might be liable to plaintiff for not objecting to the panel's consideration of this claim. Defendant's memorandum conspicuously omits any response to this allegation.

*Id.* This allegation of plaintiff's original complaint is the only claim still at issue in this case.

Turning to the matter presently before the Court, the motion to compel discovery arose out of a deposition of defendant taken by plaintiff on December 20, 1984, beginning at 10:00 a.m. Defendant's counsel adjourned the deposition at 12:20 p.m. on the ground that the deposition had degenerated into harassment of his client. On December 21, 1984, plaintiff moved under Fed.R.Civ.P. 37 for an order compelling continuation of the deposition before a United States Magistrate. Defendant submitted papers in opposition to plaintiff's motion to compel and cross-moved for summary judgment dismissing plaintiff's remaining claim. Defendant's submission included a copy of Judge Edelstein's decision, a copy of the entire transcript of the December 20, 1984 deposition, copies of excerpts from the transcript of the arbitration hearing, and portions of "Claimant's Reply Brief" prepared and submitted by defendant as part of the arbitration proceedings.[2]

Thereafter, on February 20, 1985, plaintiff moved pursuant to Fed.R.Civ.P. 15(a) for leave to serve an amended complaint. The proposed amended complaint alleges that defendant failed to appeal or confirm the arbitration award thereby allowing the statute of limitations to expire.

For the reasons presented below, plaintiff's motions to compel a second deposition and to amend the complaint are denied.

Defendant's motion for summary judgment is granted and the complaint is dismissed.

### *The Motion to Compel Discovery*

Consistent with Judge Edelstein's prior order, plaintiff was entitled to inquire into only one aspect of her contention that the defendant negligently represented her in his professional capacity. Specifically, this issue related to the arbitration panel's finding that Ms. Hanlin had to return approximately $26,000 to Kenneth Kelly, one of the group's members. A careful reading of the deposition transcript demonstrates that Ms. Hanlin had a full and fair opportunity to explore this issue with Mr. Mitchelson. The deposition transcript reveals that, although the questioning began in a good faith attempt to depose Mr. Mitchelson, the proceeding deteriorated into a vexatious, repetitive and haranguing inquisition beyond the scope of the issues in the case. After what appeared to have been an exhaustion of the $26,000 issue, plaintiff insisted on pursuing several unrelated issues, including why Mr. Mitchelson did not appeal the final arbitration decision and whether Mr. Mitchelson was unable to represent her adequately due to his purported bias about her alleged embezzlement of funds. Finally, when asked a question about the representation he provided, Mr. Mitchelson answered that he provided plaintiff with the best defense of which he was capable. Plaintiff stated that she agreed. Deposition Tr. at 41.

■ My review of the deposition transcript leads me to conclude that resumption of the deposition would be inefficacious. Plaintiff's motion is therefore denied.

■ In denying this motion, however, the Court must consider whether defend-

---

**2.** The following documents have been reviewed in the determination of these motions: plaintiff's complaint, dated April 6, 1984, and the exhibits thereto, Judge Edelstein's August 23, 1984 decision, plaintiff's motion to compel discovery dated December 21, 1984, defendant's motion for summary judgment dated January 7, 1985, the transcript of the December 20, 1984 deposition of defendant taken by plaintiff, portions of the transcript of the arbitration proceedings dated June 9 and 10, 1982, the post-arbitration hearing briefs, plaintiff's motion to amend the complaint dated February 20, 1985, defendant's affidavit in opposition to the cross-motion dated March 1, 1985, plaintiff's letter to the Court dated July 17, 1985, defendant's letter to the Court dated July 25, 1985, defendant's supplementary affidavit dated August 21, 1985 and plaintiff's supplementary affidavit dated August 26, 1985.

ant's counsel proceeded in a proper and orderly fashion when he adjourned the deposition. In essence, what is before the Court is a motion by defendant to terminate the examination under Fed.R.Civ.P. 30(d). Rule 30(d) provides:

**Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending ... may order the officer conducting the examination to cease forthwith from taking the deposition.... If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.

Rule 30(d) is the only provision allowing the interruption of a deposition. The proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered. *Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455, 461 n. 4 (N.D.Cal.1978), *citing Ralston Purina Co. v. McFarland,* 550 F.2d 967, 973–74 (4th Cir.1977).

■ The problem presented in this case is that, although several aspects of the instant deposition fall squarely within the Rule 30(d) requirement of unreasonableness and oppression of the deponent, defense counsel never made a Rule 30(d) motion to the Court to terminate the examination. In fact, defense counsel went so far as to arrogate to himself the right to terminate the examination in a unilateral fashion without consideration of the applicable legal authority. Deposition Tr. at 79–82. This tactic contravenes the requirement

that an application to terminate must be made to the court.

It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiffs' attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the *ex parte* judge for a ruling on the questions, or for a ruling on the questions or for a protective order, pursuant to Rule 30(d).

*Shapiro v. Freeman,* 38 F.R.D. 308, 311–12 (S.D.N.Y.1965) (footnotes omitted). While the Court deems it appropriate to deny plaintiff's motion to resume the deposition, counsel for defendant is admonished that in the future he should endeavor to adhere conscientiously to the orderly procedures governing the conduct of depositions provided for in the Federal Rules of Civil Procedure.

*The Motion for Summary Judgment*

■ Next, defendant has moved to dismiss plaintiff's allegation that defendant negligently failed to object to the questioning about Kenneth Kelly's counterclaim for $26,750 on the ground that it was a "personal" matter beyond the scope of the arbitration. Both parties rely on New York legal authorities in their papers, as it appears New York law applies in this case. An action for legal malpractice requires proof of the following elements: negligence by the attorney that proximately caused the loss sustained and proof of actual damages. *See e.g., Freschi v. Grand Coal Venture,* 564 F.Supp. 414, 415 (S.D.N.Y.1983); *O'Brien v. Spuck,* 99 A.D.2d 910, 911, 472 N.Y.S.2d 514, 516–17 (3d Dep't 1984); *Fidler v. Sullivan,* 93 A.D.2d 964, 965, 463 N.Y.S.2d 279, 280 (3d Dep't 1983); *Mendoza v. Schlossman,* 87 A.D.2d 606, 607, 448 N.Y.S.2d 45, 46 (2d Dep't), *appeal*

*withdrawn,* 57 N.Y.2d 778 (1982). Thus, in order to prevail, plaintiff must demonstrate that but for the alleged acts of malpractice, she would have been able to recover or proceed in a manner other than that which actually occurred. *See, e.g., Parker, Chapin, Flattau & Klimpl v. Daelen Corp.,* 59 A.D.2d 375, 378–79, 399 N.Y.S.2d 222, 224 (1st Dep't 1977); *Becker v. Julien, Blitz & Schlesinger, P.C.,* 95 Misc.2d 64, 68, 406 N.Y.S.2d 412, 414 (Sup.Ct.N.Y.Co.1977), *modified on other grounds,* 66 A.D.2d 674, 411 N.Y.S.2d 17 (1st Dep't 1978), *motion for appeal dismissed,* 47 N.Y.2d 761, 417 N.Y.S.2d 464, 391 N.E.2d 300 (1979). There is no question that plaintiff sustained a loss. However, as I explain below, the loss was not incurred due to Mr. Mitchelson's lack of diligence in her defense.

■ Defendant's alleged failure to object during the arbitration hearings cannot substantiate a claim of legal malpractice for several reasons. First, although defendant did not object to the questions that led to plaintiff's testimony during the arbitration hearing about the Kelly transaction, he did object to the relevancy of this information in the post-hearing Reply Brief submitted on plaintiff's behalf. Second, there were legitimate reasons for defendant not to object during the hearing. The counterclaim for the $26,750 had not been asserted formally until a claim was made for it in The Manhattans' post-hearing Memorandum of Law. Plaintiff's testimony about the transaction appeared to be relevant with respect to the fiduciary relationship that existed between Ms. Hanlin in her capacity as business manager for The Manhattans and the initial counterclaim that they had asserted against her. Indeed, plaintiff herself testified that the group's breach of contract led her to believe that she could offset the group's debt to her by taking the money from Mr. Kelly's account. Arbitration Tr. at 629–31. Thus plaintiff's own testimony demonstrates that the Kelly claim was not necessarily personal in nature and therefore did not constitute a subject beyond the scope of the arbitration agreement.

In this light, had Mr. Mitchelson not objected at all, no legitimate legal malpractice claim would exist. Mr. Mitchelson ignored the subject during cross-examination in part as a reaction to The Manhattans' counsel's "continued wavering on this topic." He did not want to underscore the same.

Nor did I wish to emphasize this most troublesome aspect of the litigation for it was obvious to me that, whether or not the issue could be heard by the Panel, the occurrence in and of itself evinced only negative implications as it affected the singing group's claim that plaintiff had never acted in their best interest. Insofar as a good part of the case turned on credibility, I believed it to be in plaintiff's litigation interests to "steer away" from the shoals of this potentially devastating testimony.

Defendant's Supp.Aff. at 3. It is well settled that an attorney cannot be held liable for malpractice for discretion exercised during the course of a litigation.

In a litigation a lawyer is well warranted in taking chances. To some extent litigation is a game of chance. The conduct of a lawsuit involves questions of judgment and discretion as to which even the most distinguished members of the profession may differ. They often present subtle and doubtful questions of law. If in such cases a lawyer errs on a question not elementary or conclusively settled by authority, that error is one of judgment for which he is not liable.

*Byrnes v. Palmer,* 18 A.D. 1, 4, 45 N.Y.S. 479, 481–82 (2d Dep't 1897), *aff'd,* 160 N.Y. 699, 55 N.E. 1093 (1899). *See also, Fidler v. Sullivan,* 93 A.D.2d 964, 463 N.Y.S.2d 279, 281 (3d Dep't 1983) (trial counsel's errors and omissions are insufficient to support an action for malpractice, *citing Byrnes v. Palmer, supra* ); *Parksville Mobile Modular, Inc. v. Fabricant,* 73 A.D.2d 595, 422 N.Y.S.2d 710, 717 (2d Dep't 1979) ("an attorney may take chances", *citing Byrnes v. Palmer, supra* ), *appeal dismissed,* 49 N.Y.2d 801 (1980); *Siegel v. Kranis,* 29 A.D.2d 477, 479, 288 N.Y.S.2d 831, 834 (2d Dep't 1968), *modified on other*

*grounds,* 34 A.D.2d 988, 312 N.Y.S.2d 540 (2d Dep't 1970); *Rapuzzi v. Stetson,* 160 A.D. 150, 157, 145 N.Y.S. 455, 461 (3d Dep't 1914). Mr. Mitchelson's decision about how he should handle the matter that arose involved questions of judgment and discretion concerning trial tactics. Any error that he may have committed does not amount to malpractice.

■ This is relevant to a third factor. It is undisputed that defendant did not learn about the transaction, which occurred in or around January of 1982, until The Manhattans' lawyer elicited this information from Ms. Hanlin during the arbitration hearing. Deposition Tr. at 27. An attorney does have the responsibility to "investigate and prepare every phase" of his client's case. *Parksville Mobile Modular, Inc., supra,* 73 A.D.2d at 598, 422 N.Y.S.2d at 715. However, an attorney should not be held liable for his ignorance due to a client's failure to apprise him of all of the facts. *Id.*

These considerations lead me to conclude that there are no material questions of fact to be resolved on plaintiff's claim of legal malpractice. Fed.R.Civ.P. 56(c). Defendant's motion for summary judgment with respect to plaintiff's last remaining claim is granted.

### Plaintiff's Motion to Amend the Complaint

Fed.R.Civ.P. 15(a) requires the court to grant leave to amend a pleading freely "when justice so requires." Leave to amend should be freely given "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *See Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 560 (S.D.N.Y.1976).

■ Plaintiff's proposed new cause of action alleges that defendant committed malpractice by not confirming the arbitration award in accordance with New York law. N.Y.Civ.Prac.Law § 7510 (McKinney 1980). Section 7510 provides as follows: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in Section 7511." A court properly may dismiss a petition to confirm an arbitration award that is filed after the one-year period for making such an application has expired. *Teacher's Ass'n of Tarrytowns v. Tarrytown Board of Education,* 59 A.D.2d 890, 399 N.Y.S.2d 45, 46 (2d Dep't.1977). It is true that the one-year limitation to confirm has expired and no application to confirm has been made. The arbitration decision was rendered on December 23, 1982, and a clarification of the award was rendered on February 18, 1983. The final date to confirm the award presumably was on or around February 17, 1984. On these facts alone, plaintiff would have a claim.

■ However, there are three reasons which preclude plaintiff from obtaining leave to amend her complaint. The purpose of amending a pleading "is to assert matters that were overlooked or were unknown ... at the time ... [of the] original complaint or answer." *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir.1985), *citing* 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1473 (1971). Ms. Hanlin filed the complaint in this action on April 6, 1984, at which time the statute of limitations for confirming the award had already expired. Therefore, the matter existed and was known to Ms. Hanlin at the time of the original complaint. Although the original complaint refers to defendant's representation that there was no basis for a good faith appeal of the arbitration award, nowhere does she allude to defendant's failure to confirm the award. Second, allowing an amendment would be prejudicial to defendant because discovery has been completed and plaintiff waited until after the summary judgment motion was filed to assert this claim. *Ansam Associates, Inc. v.*

*Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985).

Third, count twenty-four of the original complaint alleges that in May 1983, between the date of the arbitrators' decision and the expiration of the time to confirm, plaintiff "retained another attorney" to pursue her claim that defendant's negligence had forced her to forfeit her right to appeal. Exhibits L, N, and P, attached to the complaint, indicate that the allegations contained in plaintiff's proposed amended complaint are frivolous. *See Lerman v. Chuckleberry Publishing, Inc.,* 544 F.Supp. 966, 968 (S.D.N.Y.1982) (unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend), *rev'd on other grounds sub nom., Lerman v. Flynt Distributing Co.,* 745 F.2d 123 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985).

The exhibits to the original complaint indicate that before the time in which to confirm the award expired, Ms. Hanlin twice requested that Mr. Mitchelson refund to her his fee of $25,000. *See* Exhibit L, Letter from Hermine Hanlin to Marvin Mitchelson, Esq. (March 28, 1983); Exhibit N, Letter from Hermine Hanlin to Marvin Mitchelson, Esq. (April 6, 1983). Those requests are the equivalent of the termination of the attorney-client relationship. This conclusion would have been confirmed on May 24, 1983 when Mr. Mitchelson received a letter from Neal Rosenberg, Esq. indicating that Mr. Rosenberg had been retained by plaintiff in the matter of the arbitration award and to inquire into defendant's failure to apply for a modification of the award. *See* Exhibit P, Letter from Neal Howard Rosenberg, Esq., to Marvin Mitchelson, Esq. (May 24, 1983). Under these circumstances, it is clear that plaintiff had fired defendant and hired other counsel to handle the matter. To permit plaintiff to amend her complaint to assert this meritless claim would be an exercise in futility. Accordingly, plaintiff's motion for leave to amend the complaint is denied.

*Conclusion*

Plaintiff's motion to resume defendant's deposition is denied. Plaintiff's motion to amend the complaint is denied. Defendant's motion for summary judgment dismissing the complaint is granted.

SO ORDERED.