■ AINSWORTH, SULLIVAN, TRACY & KNAUF, Respondent, v DAWN M. MALLIA, Appellant.—Casey, J. Appeal from an order and judgment of the Supreme Court at Special Term (Kahn, J.), entered March 13, 1986 in Albany County, which granted plaintiff's motion for summary judgment dismissing defendant's counterclaim.

This appeal involves the legal sufficiency of defendant's counterclaim for legal malpractice, based on plaintiff's failure to obtain a temporary order of support on defendant's behalf in connection with her marital action for which she had engaged the services of plaintiff.

It appears that defendant first consulted plaintiff on February 25, 1981. Defendant then indicated that she desired a separation agreement from her husband, then a divorce and as much of the financial assets as possible. One month later the separation agreement was prepared by plaintiff and signed by defendant, but she rescinded the agreement the following day. Thereafter, a second separation agreement, purporting to contain terms agreeable to defendant and her husband, was drawn. However, the husband's counsel rejected it and offered alternative terms. When this refusal was communicated to defendant on July 30, 1981, she terminated the attorney-client relationship with plaintiff and failed to pay plaintiff its requested compensation. Thereupon, plaintiff instituted the instant suit for services rendered, to which defendant interposed the counterclaim for legal malpractice. In reply to the counterclaim, plaintiff moved for summary judgment. The motion was granted by Special Term and is the basis for defendant's appeal here.

In our view, Special Term correctly dismissed the counterclaim, which relies for its sufficiency on plaintiff's failure to obtain financial assistance for defendant from her husband. As noted above, however, a separation agreement was drawn by plaintiff, which defendant's husband refused to sign, and defendant thereafter terminated the attorney-client relationship with plaintiff and sought other counsel. Defendant has failed to show any malpractice whatsoever or how plaintiff caused her any financial loss or detriment (see, *Fidler v Sullivan,* 93 AD2d 964). For lack of substantiation, her counterclaim was properly dismissed for insufficiency, and the decision of Special Term should be affirmed.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.