■ FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER, Appellant, v DIETZ INTERNATIONAL PUBLIC ADJUSTERS, INC., et al., Respondents.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered December 15, 1986, which, *inter alia,* dismissed the complaint for failure to state a cause of action, affirmed, without costs.

Plaintiff-appellant is the successor in interest to the Ninth Federal Savings & Loan Association (Ninth Federal) which, in 1971, made a loan of $750,000 secured by a mortgage on premises known as 14-20 East Burnside Avenue in The Bronx. The mortgaged premises, consisting of two parcels, were insured by the New York Property Insurance Underwriting Association (NYPIUA) and Ninth Federal was named as loss payee under the policy. In May of 1973, the mortgage was modified to provide that no deficiency or money judgments were to be sought or obtained against the mortgagor in any action on the note or the indebtedness secured thereby.

In March 1979, the premises which Ninth Federal occupied as prime tenant sustained major fire damage. Following the

fire, Ninth Federal retained defendant-respondent Dietz International Public Adjusters of New York City, Inc., as insurance adjuster for its claim under the NYPIUA policy. Respondent filed a proof of loss in September 1979 but omitted information regarding the actual cash value of the property at the time of loss. In November of that year, Ninth Federal began a foreclosure action against its mortgagor and a receiver was appointed in the foreclosure action. A few months later, in February 1980, NYPIUA informed Ninth Federal that it had rejected the incomplete proof of loss submitted by respondent. Pursuant to a request from Ninth Federal, respondent prepared and submitted a second proof of loss to NYPIUA. This time, however, respondent omitted two items of information called for on the form and NYPIUA rejected the second proof of loss in March 1980. One month later, Ninth Federal commenced an action on the fire policy against NYPIUA.

While the action against the insurer was pending, Ninth Federal obtained a final judgment of foreclosure in December 1981 and the property was sold for the sum of $10, in March 1982, to appellant which had merged with Ninth Federal that month. One year later, NYPIUA's motion for summary judgment dismissing the complaint on the ground that the insured had failed to file a proper proof of loss was granted. However, this court reversed the order on appeal and authorized Ninth Federal to submit a completed proof of loss *(Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 99 AD2d 456 [1st Dept 1984]). After the completed proof of loss was filed, NYPIUA moved for summary judgment on the ground that Ninth Federal had no insurable interest in the premises inasmuch as it had relinquished its right to recover a deficiency judgment under the mortgage. Under RPAPL 1371, a mortgage debt is deemed fully satisfied and the right to recover any deficiency is extinguished if no motion for a deficiency judgment is made within 90 days after delivery of the deed. Summary judgment dismissing the action against NYPIUA was granted by Supreme Court and affirmed by this court *(Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 114 AD2d 1052 [1st Dept 1985]). In August 1982, prior to dismissal of its action against NYPIUA, appellant commenced this action against respondents herein alleging breach of the retainer agreement, breach of fiduciary duty and negligence.

Each of the causes of action alleges that "Ninth Federal has lost its right to recover on the Policy as a loss payee thereunder" by reason of respondent's failure to file a completed proof

of loss form. Upon respondent's cross motion, Supreme Court dismissed the complaint for "legal insufficiency", finding that appellant, "by failing to obtain a deficiency judgment, no longer has [any] insurable interest". The court also noted that there was no allegation that any act of respondent caused appellant "to fail to take a deficiency judgment against the mortgagor." Appellant sought reargument, which was granted; however, the court adhered to its decision and judgment was entered dismissing the complaint.

Appellant maintains that its claims against respondent were viable and well pleaded because, notwithstanding the foreclosure, appellant had a "realistic opportunity to adjust its $225,000 fire loss until June 1982" when the 90-day period under RPAPL 1371 expired. Appellant asserts that but for respondent's errors, "Ninth Federal would have adjusted the building loss with NYPIUA", citing as proof the quick settlement with other carriers in February 1980 of claims arising out of the same fire.

Whatever disposition may have been made by other insurers of appellant's loss claims, that is not dispositive of the issue herein. Even if respondent had timely filed a proper proof of loss, that would not have guaranteed quick settlement of appellant's claims as appellant now contends. Respondent's undertaking was to act as claims adjuster, not as guarantor of payment by the insurance company. In *McAleenan v Massachusetts Bonding & Ins. Co.* (232 NY 199, 205-206 [1921]), a malpractice action against an attorney who neglected to take an appeal as promised, the Court of Appeals stated that the agreement in question "only extended to the consummation of the appeal and its proper prosecution. It did not guarantee success. It ought to be a matter of common knowledge that an agreement to prosecute an appeal is not equivalent to a warranty that the appeal will succeed." Consequently, the court held the attorney was not estopped from questioning the value of taking the appeal and the extent of the plaintiff's damages from his failure to prosecute it.

While, upon a different record, a triable issue might be presented as to whether respondent's omissions caused appellant to lose its rights as loss payee, it is clear from the record in this case that appellant's right to recover was forfeited due to its decision to go forward with the foreclosure action despite the fact that Ninth Federal had contracted away its right to pursue the mortgagor for any deficiency. It was satisfaction of the nonrecourse debt through foreclosure which extinguished appellant's right to the insurance proceeds *(see,*

*Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332, 335), not any act of respondent. While it is true that respondent's failure to submit a completed proof of loss delayed settlement of the insurance claim, it did not foreclose the possibility of settlement inasmuch as this court, in January 1984, gave appellant an opportunity to file a completed form. By then, however, it was too late as appellant had already purchased the property at foreclosure. Thus, it was appellant's own action which resulted in the unfavorable outcome and any other conclusion must rest on the sheerest of speculation *(Becker v Julien, Blitz & Schlesinger,* 66 AD2d 674 [1st Dept 1978]; *Fidler v Sullivan,* 93 AD2d 964 [3d Dept 1983]). Concur—Sullivan, Milonas and Rosenberger, JJ.

Kupferman, J. P., and Smith, J., dissent in part in a memorandum by Smith, J., as follows: I dissent from that part of the majority opinion which concludes that no action lies against the adjusters because plaintiff did not obtain a deficiency judgment in its foreclosure action against the mortgagor and others. The present action is not one for a deficiency but for breach of contract and malpractice. A review of the facts makes this clear.

On or about November 22, 1971, plaintiff's predecessor gave a mortgage to J. Clarence Davies, Inc. (Davies) on premises known as 14-20 East Burnside Avenue, Bronx, New York. The premises consisted of two parcels. On or about May 30, 1973 plaintiff's predecessor modified the mortgage agreement to provide that in the event any actions or proceedings were brought on the note or the indebtedness securing the note, no deficiency judgment would be sought against Davies.

On February 5, 1979 a fire insurance policy was issued by the New York Property Insurance Underwriting Association (NYPIUA) naming plaintiff's predecessor as the mortgagee and loss payee. Fires occurred at the premises on March 17 or 18, 1979 and again in April of 1980.

On March 19, 1979, following the first fire, the defendants were retained as adjusters. They submitted a proof of loss to the NYPIUA which was rejected on February 19, 1980 because an item as to the actual cash value of the building was missing. A second proof of loss was rejected on March 25, 1980, also because of incomplete items, namely, the actual cash value of the property and the "Whole Loss and Damage" figure. No payment was ever made by NYPIUA.

Plaintiff began a foreclosure action which led to a final judgment of foreclosure on December 2, 1981. Plaintiff did not

move for a deficiency judgment because of its mortgage agreement with Davies. Prior to the commencement of the mortgage foreclosure action, plaintiff had begun an action against NYPIUA. That action was eventually dismissed by Justice Greenfield and the dismissal was affirmed without opinion *(Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 114 AD2d 1052 [1985]).

The present action is not one seeking payment of the deficiency which remained after the foreclosure sale. The action is for breach of the agreement with the defendant adjusters and for their malpractice in failing to submit a proper claim. Plaintiff contends that it could have resolved its dispute with NYPIUA and obtained a satisfactory solution of its claims had it not been for the malpractice of the adjusters. The position taken here is supported by *Corley v Miller* (133 AD2d 732 [2d Dept 1987]). There the Appellate Division rejected an argument that an attorney could not be held liable for legal malpractice where he had failed to safeguard certain insurance proceeds received after a fire to the premises even though plaintiff had failed to move for a deficiency judgment in a foreclosure action.