■ Joseph Schleimer et al., Appellants, v Frenkel and Hershkowitz, Respondent.—In an action, *inter alia,* to re-

cover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered August 11, 1987, as granted those branches of the defendant's motion which were for summary judgment dismissing the first cause of action, and to dismiss the second and fourth causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified by deleting the provision granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiffs' first cause of action alleges legal malpractice pertaining to the defendant's conduct in a prior lawsuit in which the instant plaintiffs were named defendants. That underlying action involved a loan foreclosure in which the instant plaintiffs were guarantors under the loan agreement. The codefendant in the underlying action was the principal debtor.

It is undisputed that the defendant law firm failed to appear on the date scheduled for trial in the underlying action and further failed to interpose a cross claim for indemnification against the codefendant in that action. The plaintiffs allege that these and other omissions were a proximate cause of damages to them (see, Creative Inception v Andrews, 50 AD2d 553). There are also allegations concerning a proposed advantageous settlement which was not consummated. The record reveals triable issues of fact as to these issues and thus, it was inappropriate to award the defendant summary judgment dismissing the first cause of action.

We have examined the plaintiffs' remaining contentions with regard to the second and fourth causes of action and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.