■ David J. Canavan et al., Respondents, v Earl D. Steenburg et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered September 11, 1989 in Albany County, upon a verdict rendered in favor of plaintiffs.

In July 1983, plaintiffs retained defendant Earl D. Steenburg (hereinafter defendant), an attorney, to represent them in connection with their purchase of real property in the Town of Bolton, Warren County. Prior to retaining defendant, plaintiffs had contracted to purchase lot No. 2 in Northwest Bay Subdivision, "approximately 1.0 acre" in size, for $47,000. The Northwest Bay Subdivision map had been approved by the Town, which required that all lots be at least one acre in size.

At the time that plaintiffs were involved in the purchase of lot No. 2, the owners were selling the adjacent lot No. 3 to Richard Thomas. Prior to closing, defendant obtained from the sellers' attorney copies of the subdivision map which had lot No. 2 outlined in red and lot No. 3 outlined in yellow, with the respective names of "Canavan" and "Thomas" written in the middle of the lots. Lot No. 2, as shown on the map that defendant received, was approximately one acre in size and included a 0.4-acre portion which extended directly in front of lot No. 3. The deed described the property as "[b]eing Lot No. 2 * * * as shown on a Survey and Map * * * dated April 6, 1981 and filed in the Warren County Clerk's Office".

Following the closing of title, plaintiffs spent approximately $55,000 in completing the construction of a house on the lot. Thereafter, plaintiffs entered into a contract to sell the property to Charles and Mary Ann Lobosco for $120,000. However, at the scheduled closing, the Loboscos' attorney noted that lot No. 2, as shown on the filed survey map, did not include the 0.4-acre section in front of lot No. 3 and was only 0.6 acre in size. The closing was canceled. In order to obtain the full acre required by the town, plaintiffs negotiated with Thomas, now the owner of lot No. 3, and agreed to grant a 20-foot easement across their lot in return for a conveyance of the 0.4-acre section of property. Plaintiffs then lowered the purchase price on their property, now encumbered by an easement, to $100,000, and the property was sold to the Loboscos for that price in February 1987.

Subsequently, in May 1987, plaintiffs commenced this action seeking damages as a result of defendant's malpractice in representing plaintiffs in the purchase of lot No. 2. Following

a jury trial, Supreme Court entered judgment for plaintiffs in the amount of $20,931.50. Defendants appeal.

There should be an affirmance. As a preliminary matter, Supreme Court properly denied defendants' motion to amend their answer to assert the Statute of Limitations as a defense. Defendants' argument that the action is untimely lacks merit. Whether pleaded in tort for professional malpractice or in contract, "an action, such as this, * * * which has its genesis in the contractual relationship of the parties, is governed by the six-year Statute of Limitations of CPLR 213 (2)" *(Santulli v Englert, Reilly & McHugh,* 164 AD2d 149, 151).

Turning to the merits, and viewing the evidence before the jury in the light most favorable to the prevailing party, as we must *(see, Bozydaj v Town of Plattekill,* 70 AD2d 690, 691), we reject defendants' claim that plaintiffs failed to prove a prima facie case. It is well settled that "[l]egal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client" *(Saveca v Reilly,* 111 AD2d 493, 494). To establish a prima facie case, a plaintiff must show that the attorney was negligent and that the negligence was the proximate cause of the actual damages suffered *(O'Brien v Spuck,* 99 AD2d 910, 911; *Fidler v Sullivan,* 93 AD2d 964). Here, plaintiffs offered expert testimony that "it is irresponsible and * * * negligen[t] for any attorney to represent a client, prepare a deed that refers to lot 2 * * * and then not verify what lot 2 is on the survey map that is recorded that the deed refers to".

In our view, while not stating specifically the standard of skill required of an attorney practicing at an acceptable level in this State, plaintiffs' expert testimony, setting forth the requirements for "any attorney", was sufficient to establish a prima facie case for malpractice *(cf., Fidler v Sullivan, supra,* at 965; *see,* Annotation, *Admissibility & Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney,* 14 ALR4th 170). Furthermore, there was other evidence from which the jury could infer that defendant was negligent in failing to verify the dimensions of the property to be purchased in these circumstances. Defendant testified that, based on the map provided, the boundary of lot No. 2 was not clear, although "it appears [from the filed map] that lot 2 does not include the piece of property which runs in front of lot 3". Defendants' expert testified that the filed map had an obvious error and the copy of the map relied upon by defendant raised questions as to

what lot No. 2 consisted of. Finally, the maps themselves, in evidence, demonstrate that the filed map would have clarified the configuration and area of lot No. 2. Accordingly, it was not irrational for the jury to conclude that defendant was negligent.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.