■ THALER & THALER, Respondent, v KRISHNA GUPTA, Appellant, et al., Defendants. [617 NYS2d 605] —Casey, J. Appeals (1)

from an order of the Supreme Court (Monserrate, J.), entered April 23, 1993 in Tompkins County, which granted plaintiff's motion for partial summary judgment on the issue of liability, (2) from an order of said court, entered July 12, 1993 in Tompkins County, which, *inter alia,* denied defendant Krishna Gupta's motion to amend his answer, (3) from an order of said court, entered August 11, 1993 in Tompkins County, which awarded damages to plaintiff, and (4) from the judgment entered thereon.

Plaintiff's complaint alleges that defendant Krishna Gupta entered into an oral agreement with plaintiff, a law firm, whereby plaintiff would perform legal services on an hourly basis to both Gupta and his business. The complaint further alleges that plaintiff performed 13 hours of legal services on behalf of Gupta's business and 146.75 hours of legal services on behalf of Gupta. The latter services were rendered in connection with an arbitration proceeding commenced by a contractor who was building a home for Gupta. Gupta was dissatisfied with the results of the arbitration proceeding and refused to pay the amount billed by plaintiff for legal services.

After defendants answered the complaint with general denials, plaintiff moved for partial summary judgment on the issue of liability and submitted evidence to establish the existence of an agreement with Gupta and the rendition of legal services pursuant to that agreement. Gupta submitted an affidavit in which he alleged that plaintiff failed to exercise reasonable care, skill and diligence in the performance of the legal services. Gupta thereafter served plaintiff with an amended complaint which contained counterclaims alleging legal malpractice, but no motion to amend the complaint was made until after Supreme Court had granted plaintiff's motion for partial summary judgment.

On this appeal, Gupta contends that Supreme Court erred in denying his motion to amend his answer and that regardless of whether the legal malpractice claims were raised in the answer, the claims of malpractice in Gupta's affidavit were sufficient to defeat plaintiff's summary judgment motion. We conclude that the failure to raise the malpractice claims in the answer did not preclude Gupta from asserting malpractice in opposition to plaintiff's motion and seeking to amend the answer *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:10, at 318). The issue thus distills to whether Gupta's allegations of malpractice are sufficient to raise a question of fact.

A prima facie case of legal malpractice requires proof of the attorney's negligence, that such negligence was the proximate cause of injury to the client, and that absent such negligence, the client would have been successful in the underlying action *(Fidler v Sullivan,* 93 AD2d 964). "Legal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client" *(Saveca v Reilly,* 111 AD2d 493, 494). Although Gupta's affidavit contains allegations of what Gupta views as deficiencies in plaintiff's conduct as his attorney, there is no evidence to establish the standard of professional care and skill that plaintiff allegedly failed to meet *(compare, Fidler v Sullivan, supra, with Canavan v Steenburg,* 170 AD2d 858). Also lacking is evidentiary proof of injury to Gupta as a result of plaintiff's conduct. The underlying action in this case is the arbitration proceeding in which plaintiff rendered the services that are the subject of the instant action, and there is nothing in Gupta's affidavit to show that a proper defense would have altered the result of the contractor's arbitration proceeding against Gupta *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 732). Gupta also alleges that plaintiff failed to give him proper advice before he executed the contract that contained the arbitration clause, but there is no evidence that Gupta's dispute with the contractor would have had a different result with proper advice.

In these circumstances, we conclude that Gupta's malpractice claims are inadequate to defeat plaintiff's motion for partial summary judgment on the issue of Gupta's liability for the services rendered by plaintiff *(see, Holmberg, Galbraith, Holmberg, Orkin & Bennett v Koury,* 176 AD2d 1045). In light of our conclusion, we need not address the parties' remaining arguments. We decline plaintiff's invitation to impose sanctions on defendants. Although the appeal is lacking in sufficient merit to be successful, we cannot say the appeal is frivolous *(see,* 22 NYCRR 130-1.1).

Crew III, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.