■ RAIMONDO PARMISANI, Appellant, v FRANK N. GRASSO et al., Doing Business as GRASSO & GRASSO, et al., Respondents. [629 NYS2d 865] —Spain, J. Appeal from an order of the Supreme Court (Lomanto, J.), entered April 14, 1994 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured in a two-vehicle automobile accident on October 1, 1986. Plaintiff retained defendants to represent him on October 3, 1986; although defendants prepared a verified summons and complaint, dated September 6, 1989, service was not completed prior to the expiration of the Statute of Limitations. Plaintiff thereafter commenced this action against defendants alleging legal malpractice and breach of contract. Supreme Court granted plaintiff's motion for summary judgment solely upon the issue of defendants' liability, leaving for

trial the issue of damages including whether plaintiff was able to make the threshold showing of serious injury. Thereafter, defendants moved for summary judgment on the ground, *inter alia,* that plaintiff did not suffer a serious injury as defined by the Insurance Law; Supreme Court granted defendants' motion. Plaintiff appeals.

Plaintiff was examined, received treatment and released from an emergency room on the day of the accident. On October 3, 1986 plaintiff, complaining of neck and back pain and headaches, was again examined, received treatment and released from another emergency room.* During the next 31 months, plaintiff missed 55 days of work from his job as an electrician. Plaintiff, with the continuing complaint of neck and back pain, consulted with no less than six doctors (including a family physician, chiropractors and orthopedic surgeons) over the next six years.

It is well settled that "[a] prima facie case of legal malpractice requires proof of the attorney's negligence, that such negligence was the proximate cause of injury to the client, and that absent such negligence, the client would have been successful in the underlying action" (*Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132; *see, Fidler v Sullivan*, 93 AD2d 964). Further, in support of a summary judgment motion a movant is required to submit evidentiary proof showing an entitlement to the requested relief; if the movant is successful the opposing party must then "submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Wilder v Rensselaer Polytechnic Inst.*, 175 AD2d 534).

In the case at bar defendants, in support of their motion, submitted, *inter alia,* an affidavit of Edward Pasquarella, an orthopedic surgeon. After his examination of plaintiff and his review of X rays and previous medical records, Pasquarella concluded that plaintiff had good range of motion and normal reflexes, and that he had suffered a soft tissue injury to the cervical area at the time of the accident from which he had completely recovered. Defendants' submission clearly shifted the burden to plaintiff.

In opposition to the motion, plaintiff submitted his own affidavit and the affidavit of his attorney. The only medical evidence submitted were unsworn notes of a treating orthopedic surgeon, Russell Cecil. "[A] plaintiff's opposition * * * must be in the form of affidavits or affirmations, unless an acceptable excuse for failure to comply with this requirement is furnished"

---

* An X ray was taken which showed a degenerative condition of the spine.

(*Pagano v Kingsbury*, 182 AD2d 268, 270; *see, Grasso v Angerami*, 173 AD2d 981, *affd* 79 NY2d 813). Uncertified medical records and unsworn letters or reports are of no probative value (*see, Plouffe v Rogers*, 144 AD2d 218, 219). Plaintiff's submissions in opposition to the motion do not overcome defendants' entitlement to summary judgment. Plaintiff has not shown by admissible proof that he suffered a serious injury within the meaning of Insurance Law § 5102; therefore, his claim for legal malpractice was properly dismissed (*see, Thaler & Thaler v Gupta*, 208 AD2d 1130, *supra*).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.