■ In the Matter of the Estate of STELLA KOESTER, Deceased. LINDA AMENDOLARA, Appellant-Respondent; JANET K. POTTER, Respondent-Appellant; JOHN E. BENNETT, Respondent. [708 NYS2d 320] —In a proceeding to compel Janet Koester Potter to return the proceeds of the sale of the home of the decedent to the decedent's estate, Linda Amendolara appeals from (1) so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated July 19, 1999, as denied her cross motion for summary judgment against Janet Koester Potter, and (2) an order of the same court dated August 6, 1999, which granted the motion of John E. Bennet to dismiss the proceeding insofar as asserted against him, and Janet Koester Potter cross-appeals from so much of the order dated July 19, 1999, as denied her motion, in effect, to reargue her prior motion to dismiss the proceeding which was denied by order of the same court dated July 2, 1998.

Ordered that the cross appeal is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 19, 1999, is modified, on the law, by adding thereto a provision that, upon searching the record, Janet Koester Potter is awarded summary judgment

dismissing the proceeding insofar as asserted against her; as so modified the order is affirmed without costs or disbursements; and it is further,

Ordered that the order dated August 6, 1999, is affirmed, without costs or disbursements.

Linda Amendolara failed to raise any triable issues of fact with respect to whether the subject real property, at the time of its sale, was an asset of the estate of the decedent, Stella Koester. The evidence put forth by Janet Koester Potter that the deed was valid and was accepted by her was not controverted by Amendolara (*see,* Real Property Law § 244; *Sofsky v Rosenberg,* 76 NY2d 927). Therefore, Potter was entitled to summary judgment dismissing the proceeding insofar as asserted against her. John E. Bennett was also entitled to summary judgment dismissing the proceeding insofar as asserted against him as there was no evidence that an attorney-client relationship existed between him and Amendolara (*see, Creative Inception v Andrews,* 50 AD2d 553). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.