■ RENAD, INC., Doing Business as RAINTREE'S, Respondent, v GRANA, LTD., et al., Appellants. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion for leave to renew granted and upon renewal, order directing defendants to deposit $67,950 into court vacated. Memorandum: Defendants entered into a contract with plaintiff to purchase Raintree's bar and nightclub in Rochester, New York. The parties also entered into a management agreement whereby defendants would operate the bar, assume all liabilities and retain all profit, pending their securing a liquor license. A contract dispute thereafter arose with each party contending the other breached the agreements. Plaintiff commenced an action for breach of contract and sought a preliminary injunction enjoining defendants from operating the bar and granting plaintiff possession of the premises. The court denied plaintiff's requests, but directed defendants to deposit $67,950 into court within 20 days. This amount equaled the remaining installment payments due under the purchase contract plus interest. Defendants failed to deposit this amount into court within 20 days, but did vacate the premises and return possession to plaintiff. Plaintiff moved for contempt for defendants' failure to deposit the money into court, and defendants sought leave to renew and for vacatur of the

prior order. The motion for leave to renew was denied, and thereafter the contempt motion was granted.

Because defendants set forth new facts and a material change of circumstances consisting of their vacating the premises and plaintiff's taking active repossession and listing it for sale, the court erred in denying defendants' motion for leave to renew (see, *Metropolitan Marking Corp. v Basso*, 118 AD2d 835, 836; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.03). In light of this new evidence, defendants' renewal motion seeking vacatur of the prior order directing the deposit of $67,950 into court should have been granted. By vacating the premises and returning possession to plaintiff, defendants have afforded plaintiff the full relief sought in its motion for a preliminary injunction. Since plaintiff obtained the relief sought, no further reason exists for requiring defendants to deposit into court the amount claimed due under the contract. Additionally, in a disputed contract action, the court may not direct payment into court to provide a party with security for satisfaction of a possible judgment (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2601.06). Since the contempt order was predicated on denial of defendants' motion for renewal and vacatur of the prior order, it must also be reversed. (Appeal from order of Supreme Court, Monroe County, Davis, J.—renew/reargue.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.