■ COLDWELL BANKER RESIDENTIAL REAL ESTATE SERVICES, INC., Respondent-Appellant, v RONALD EUSTICE, Appellant-Re-

spondent.—In an action to recover a real estate broker's commission, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered December 13, 1990, as granted that branch of the plaintiff's motion which was for partial summary judgment striking the defendant's demands for punitive damages in his counterclaims, and (2) the plaintiff cross-appeals from so much of the same order as granted the defendant's cross motion for summary judgment dismissing the complaint and denied that branch of its motion which was for summary judgment dismissing the defendant's counterclaims which sought to hold the plaintiff liable for allegedly tortious conduct of Sears, Roebuck and Company.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant entered into a listing agreement with the plaintiff which gave the plaintiff the exclusive right to sell his house. Subsequently, the plaintiff sold the defendant's home. The defendant, however, refused to pay the plaintiff the commission due under their commission agreement, alleging that the plaintiff acted against his best interests by also representing the purchasers without his consent.

In his counterclaims the defendant alleged causes of actions sounding in fraud, fraudulent inducement, breach of fiduciary duty, and breach of contract. The defendant alleged that the plaintiff acted as both his agent and the purchasers' agent without his consent and acted against his best interest by allowing the purchasers to delay the closing date. Moreover, the defendant alleged that the plaintiff made various misrepresentations to induce him to enter into the contract. Further, the defendant alleged that the plaintiff's conduct was part of a continuing fraudulent scheme aimed at the general public which demonstrated a high degree of moral turpitude and wanton dishonesty. Thus, the defendant sought punitive damages under each of his counterclaims.

An award of punitive damages is justified where the defendant's fraudulent conduct is gross, wanton, or deliberate and demonstrates a high degree of moral culpability (see, *Walker v Sheldon,* 10 NY2d 401, 405; *V.J.V. Transp. Corp. v Santiago,* 173 AD2d 537, 538). However, the plaintiff's acts did not rise

to the level of moral culpability warranting punitive damages. Accordingly, the defendant's demands for punitive damages were properly stricken. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.