■ SALVATORE AND CATHERINE PEPE, a Partnership, Respondent, v MILLER & MILLER CONSULTING ACTUARIES, INC., Appellant. [633 NYS2d 602] —In an action, inter alia, to recover rent due under a lease, Miller & Miller Consulting Actuaries, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered November 18, 1991, which, inter alia, dismissed its counterclaim alleging fraud, ordered it to pay into court the sum of $112,944 for office rent, and ordered it to pay for supervised discovery, and (2) an order of the same court, entered May 11, 1992, which denied its motion for leave to renew and reargue.

Ordered that the order entered November 18, 1991, is modified by deleting the provision thereof which directed Miller & Miller Consulting Actuaries, Inc., to pay into court the sum of $112,944 for office rent; as so modified, the order entered November 18, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered May 11, 1992, as denied the motion to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that so much of the order entered May 11, 1992, as denied the motion of Miller & Miller Consulting Actuaries, Inc., for leave to renew is affirmed, without costs or disbursements.

It was improper for the court to direct the appellant, a tenant of the landlord, Salvatore and Catherine Pepe, Partners, to pay the disputed rent into court since the court may not direct such payment simply to provide security for satisfaction of a possible judgment (see, Renad, Inc. v Grana, Ltd., 127 AD2d 994; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2601.06; 29 NY Jur 2d, Courts and Judges, § 424). However, the decision to order the appellant to pay for supervised discovery in connection with Salvatore Pepe's deposition was a proper exercise of the court's discretion (see, Keenan v Harbor View Health & Beauty Spa, 205 AD2d 589; Carella v King, 198 AD2d 567; Capoccia v Brognano, 126 AD2d 323). Further, the appellant's counterclaims alleging fraud were properly dismissed for failure to state a cause of action (see, CPLR 3211 [a] [7]).

The parties' remaining contentions are either without merit or academic in light of our disposition. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.