■ MARK ROSENBAUM, Appellant, v PREMIER SYDELL, LTD., et al., Respondents. [659 NYS2d 52] —In an action to recover damages for breach of contract, breach of fiduciary duty, and fraud, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 21, 1996, which granted the defendants' motion to dismiss the complaint, and (2) a judgment of the same court, entered June 6, 1996, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff alleged in his complaint that when the defendant Daniel Goldman offered him employment managing the predecessor corporations of the defendant Premier Sydell, Ltd., they orally agreed that he would receive a minority interest therein, with the precise amount of the interest to be determined by the individual defendants in their discretion. After 19 years of service, the plaintiff's employment was terminated and he claimed that the defendants breached their agreement by divesting him of his ownership without compensating him for his interest in the business and by refusing to pay him his share of profits.

"[B]efore the power of law can be invoked to enforce a promise, it must be sufficiently certain and specific so that what was promised can be ascertained" (*Martin Delicatessen v Schumacher*, 52 NY2d 105, 109). If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91). In the instant case, the amount of the alleged ownership interest is indefinite and the alleged contract did not provide for a methodology for determining the amount of said interest nor did it invite recourse to an objective extrinsic event or standard on which the amount was to depend (*see, Martin Delicatessen v Schumacher, supra*). Hence, the alleged contract is legally unenforceable.

Moreover, the claims of fraud and breach of fiduciary duty have not been pleaded with the factual detail required by statute (*see*, CPLR 3013; *Moss v Moche*, 160 AD2d 785). Accordingly, the Supreme Court properly dismissed the plaintiff's complaint. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.