■ KENNETH ROSENBLAT, Respondent, v RHENA SEIDMAN, Appellant, et al., Defendants. [663 NYS2d 290] —In a mortgage foreclosure action, the defendant Rhena Seidman appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 4, 1996, as, *sua sponte,* directed her to deposit into court the sum of $32,702.88, as security for any possible future judgment entered against her in this action and further directed her to deposit into court each month, during the pendency of the action, the sum of $1,577.28, commencing August 8, 1996.

Ordered that on the court's own motion, the notice of appeal filed by Rhena Seidman and 247 Johnson Corp. is treated as an application for leave to appeal, and leave to appeal from so much of the order as *sua sponte* directed Rhena Seidman to deposit certain sums into court is granted to Rhena Seidman and denied to 247 Johnson Corp. (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, with costs to the appellant, and the court's *sua sponte* direction that Rhena Seidman deposit into court the sum of $32,702.88 as security for any possible future judgment entered against her in this action, and further direction that she deposit into court each month, during the pendency of the action, the sum of $1,577.28, commencing August 8, 1996, is vacated.

The court improperly directed the appellant, Rhena Seidman, the purchaser of the subject property, to pay the disputed mortgage installments into court since the court may not direct such payment simply to provide security for satisfaction of a

possible judgment (*see, Salvatore & Catherine Pepe v Miller & Miller Consulting Actuaries,* 221 AD2d 512).

Moreover, the circumstances set forth in CPLR 2701 which allow a court to order the payment of personal property into court are not present in this case.

We note that 247 Johnson Corp. is not aggrieved by the order. Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.