■ ELLIOT NORWALK, as Executor of MINNIE KANTROWITZ, Deceased, Appellant, v J. P. MORGAN & Co., INCORPORATED, Respondent. [702 NYS2d 96] —In an action, *inter alia,* to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated September 22, 1998, as, upon, in effect, denying as academic those branches of the defendant's motion which were to (1) strike certain demands in the plaintiff's ad damnum clause, and (2) dismiss the third and fourth causes of action for failure to state a cause of action, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred and denied, as academic, that branch of his cross motion which was to direct the defendant to pay into court the cash equivalent of certain shares of stock pursuant to CPLR 2701.

Ordered that the order is modified, by (1) deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred, and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof which, in effect, denied as academic those branches of the motion which were to strike so much of the ad damnum clause as demanded (a) recovery of the current cash value of certain shares of stock issued by the defendant and (b) punitive damages and substituting therefor a provision granting those

branches of the motion, and (3) deleting the provision thereof which, in effect, denied as academic those branches of the motion which were to dismiss the third and fourth causes of action for failure to state a cause of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's mother, Minnie Kantrowitz, was the owner of 288 shares of the defendant's stock which were held in an account with the defendant. In 1978, the defendant erroneously escheated the shares to the State of New York (hereinafter the State) as abandoned property. The defendant subsequently sought recovery of the stock from the State pursuant to the Abandoned Property Law (see, Abandoned Property Law § 1404 [4]). Because the State had already sold the stock, it refunded the cash value of the shares to the defendant on February 26, 1981. The defendant, however, failed to reinstate the account of Mrs. Kantrowitz. Mrs. Kantrowitz died in 1982. According to the plaintiff, in 1983, he began making inquiries of the defendant regarding the shares of stock. The defendant allegedly did not respond to his inquiries until March 20, 1986, when it informed him that the stock had been escheated to the State in 1978. However, the defendant failed to advise the plaintiff that it had received a refund from the State in 1981. Rather, the defendant suggested that the plaintiff contact the State regarding the property.

Based on the misinformation provided by the defendant, the plaintiff spent 11 years attempting to recover the shares of stock from the State. Finally, in 1997, the State informed him that the cash value of the stock had been refunded to the defendant in February 1981. The plaintiff requested that the defendant return the shares to his mother's estate. When the defendant refused, the plaintiff, as executor of his mother's estate, commenced this action in March 1998. The complaint asserts four causes of action to recover damages for money had and received, conversion, breach of fiduciary duty, and fraud.

In its answer to the complaint, the defendant interposed the Statute of Limitations as a defense. It subsequently moved for summary judgment dismissing the complaint based on that defense or, alternatively, to dismiss the causes of action to recover damages for breach of fiduciary duty and fraud for failure to state a cause of action, to strike so much of the plaintiff's ad damnum clause as seeks damages for the current cash value of the shares of stock, and to strike the plaintiff's request for punitive damages. In opposition to the motion, the plaintiff

contended, *inter alia*, that the defendant was equitably estopped from asserting the Statute of Limitations as a defense. The Supreme Court granted the defendant's motion and dismissed the complaint as time-barred, finding no merit to the plaintiff's equitable estoppel claim. The Supreme Court, in effect, denied as academic the alternative grounds for relief asserted in the defendant's motion.

Contrary to the conclusion reached by the Supreme Court, there is a question of fact as to whether the defendant fraudulently concealed the existence of the refund and then misrepresented that the stock was being held by the State, thereby inducing the plaintiff to delay commencing this action (*see, Simcuski v Saeli,* 44 NY2d 442; *General Stencils v Chiappa,* 18 NY2d 125; *Matter of Spewack,* 203 AD2d 133). In this regard, the plaintiff has adequately demonstrated the existence of a fiduciary relationship (*see,* Abandoned Property Law § 500 [5]) sufficient to support a claim of fraudulent concealment (*cf., Gleason v Spota,* 194 AD2d 764). Further, contrary to the defendant's contention, the plaintiff sufficiently pleaded fraudulent concealment and misrepresentation in his complaint and submitted evidentiary facts supporting his claim in opposition to the defendant's motion (*cf., Florio v Cook,* 48 NY2d 792; *Immediate v St. John's Queens Hosp.,* 48 NY2d 671).

In addition, with respect to the plaintiff's fourth cause of action, alleging fraud, an action to recover damages for fraud must be commenced within six years from the time of the fraud or within two years from the time the plaintiff discovered the fraud or could, with reasonable diligence, have discovered the fraud (*see,* CPLR 203 [g]; 213 [8]). Here, there is a question of fact as to whether the plaintiff exercised reasonable diligence in discovering the alleged fraud.

There is, however, no merit to the plaintiff's alternative contention that he had a continuing possessory interest in the stock, and that his right to seek recovery of the stock was not barred by the Statute of Limitations (*cf., Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253). The plaintiff's remaining contentions regarding the Statutes of Limitations applicable to his causes of action based on conversion and breach of fiduciary duty, raised for the first time on appeal, are not properly before this Court (*see, Zambito v Catanzaro,* 264 AD2d 839).

The defendant, as the successful party before the Supreme Court, having obtained dismissal of the complaint, was precluded from appealing those portions of the order which denied certain branches of its motion as academic (*see, Paro-*

*chial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544). It may, however, seek review of those portions of the order on the plaintiff's appeal (*see, Parochial Bus Sys. v Board of Educ., supra,* at 545-546). ·

Contrary to the defendant's contention, the plaintiff's third cause of action alleging breach of fiduciary duty and his fourth cause of action alleging fraud should not be dismissed on the alternative ground of failure to state a cause of action. As previously indicated, the plaintiff has sufficiently demonstrated the existence of a fiduciary relationship (*see,* Abandoned· Property Law § 500 [5]). The plaintiff has also sufficiently pleaded a cause of action alleging fraud (*see, Merrill Lynch, Pierce, Fenner & Smith v Chipetine,* 221 AD2d 284).

The defendant is, however, entitled to dismissal of the plaintiff's demand for recovery of the current cash value of the stock. The plaintiff's action is based on the defendant's wrongful retention of the refund it received from the State and his damages are therefore limited to the amount of the refund, together with interest. Further, the plaintiff's request for punitive damages must be stricken as the defendant's alleged acts did not rise to the level of moral culpability warranting the imposition of punitive damages (*see, Coldwell Banker Residential Real Estate Servs. v Eustice,* 190 AD2d 839).

Finally, the plaintiff is not entitled to an order, pursuant to CPLR 2701, directing the defendant to pay into court the cash equivalent of the shares of stock (*see, Rosenblat v Seidman,* 243 AD2d 699). Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.