█ ELLIOT NORWALK, Respondent-Appellant, v J.P. MORGAN & Co., INCORPORATED, Respondent, and BANKERS TRUST COMPANY et al., Appellants-Respondents. [740 NYS2d 367] —In an action, inter alia, to recover damages for conversion, the defendants Bankers Trust Company and Bank of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered August 2, 2000, as denied their motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as, in effect, granted the motion of the defendant J.P. Morgan & Co., Incorporated, to dismiss the complaint insofar as asserted against it to the extent of limiting his damages against that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Bankers Trust Company and Bank of New York, and the action against the remaining defendant is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that Bankers Trust Company and Bank of New York are awarded one bill of costs payable by the plaintiff.

Contrary to the Supreme Court's findings, the complaint

against Bankers Trust Company and Bank of New York must be dismissed. In the complaint, the plaintiff seeks only interest on accumulated stock dividends. However, there is no obligation for the State of New York to pay interest on any funds it receives as abandoned property (*see De Soye v Kaplan*, 23 AD2d 560, *affd* 17 NY2d 532). Further, no obligation concerning such interest accrues to Bankers Trust Company and Bank of New York because they promptly turned over the stocks and dividends upon the plaintiff's request (*see Boardman v Lake Shore & Mich. S. Ry. Co.*, 84 NY 157). Additionally, the claims against Bankers Trust Company and Bank of New York were not pleaded with the specificity required by CPLR 3016 (*see Rosenbaum v Premier Sydell*, 240 AD2d 556).

The plaintiff's arguments on cross appeal are barred by the doctrine of collateral estoppel because the issues presented were previously decided in *Norwalk v J.P. Morgan & Co.*, 268 AD2d 413, 416 (*see Lee v Jones*, 230 AD2d 435; *Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited*, 195 AD2d 24).

The parties' remaining contentions are either academic in light of our determination or without merit. Smith, J.P., Krausman, Goldstein and Crane, JJ., concur.