*584 In a matrimonial action in which the parties were divorced by judgment dated August 18, 1995, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Leis, J.), entered September 3, 2002, as, after a hearing, granted that branch of the defendant’s motion which was to change residential custody of the parties’ child to the father.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff failed to preserve for appellate review her claim that the defendant’s motion should have been barred by res judicata and collateral estoppel, since she did not raise these defenses before the hearing court (see Szigyarto v Szigyarto, 64 NY2d 275, 280 [1985]; Norwalk v J.P. Morgan & Co., 268 AD2d 413, 415 [2000]). In any event, although the defendant’s motion for a change in custody contained similar allegations to those he raised in an earlier proceeding, since the allegations in the motion were primarily based upon events and circumstances occurring after the prior proceeding, the doctrines of res judicata and collateral estoppel are not applicable here (see generally Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]).
Contrary to the plaintiff’s contentions, the court properly determined that a hearing was appropriate under the circumstances. A parent seeking a change in custody is not automatically entitled to a hearing; rather, the parent must make an evidentiary showing sufficient to warrant a hearing (see DiVittorio v DiVittorio, 283 AD2d 390, 390-391 [2001]; Matter of Johnson v Semple, 273 AD2d 311 [2000]). The defendant met his threshold burden of proffering sufficient evidence to warrant a hearing to determine whether, under the totality of the circumstances, a change of custody would be in the best interests of the child.
Since the court’s custody determination has a sound and substantial basis in the record, it will not be disturbed on appeal (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Altman, J.E, Florio, Luciano and Rivera, JJ., concur.