18-1773-cv
*Anderson v. Greene*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
PETER W. HALL,
*Circuit Judges.*

---

KEVIN CARROLL ANDERSON,

*Plaintiff-Appellant,*                                          18-1773-cv

v.

ARTHUR B. GREENE, ARTHUR B. GREENE & COMPANY, P.C., MARKS, PANETH & SHRON LLP,

*Defendants-Appellees,*

DOES 1–10, INCLUSIVE,

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**        HILLEL IRA PARNESS, Parness Law Firm, PLLC, New York, NY.

**FOR DEFENDANTS-APPELLEES
ARTHUR B. GREENE, ARTHUR B.**

**GREENE & COMPANY, P.C.:**                    SARI KOLATCH, Cohen Tauber Spievack & Wagner P.C., New York, NY.

**FOR DEFENDANT-APPELLEE**
**MARKS, PANETH & SHRON LLP:**                 Peter J. Larkin, Wilson Elser Moskowitz, Edelman & Dicker LLP, White Plains, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-Appellant Kevin Carroll Anderson ("Anderson") appeals from orders of the District Court dismissing the majority of his third amended complaint and denying leave to file a fourth amended complaint. He also appeals several other preliminary orders. Anderson sued defendants-appellees Arthur B. Greene, Arthur B. Greene & Company, P.C., and Marks, Paneth & Shron LLP ("defendants") for claims arising from a decades-long financial relationship gone sour. After defendants filed a motion to dismiss Anderson's third amended complaint, the District Court *sua sponte* converted the motion into a motion for summary judgment for the purposes of defendants' statute of limitations defense. The Court then granted defendants' motion in part and dismissed the vast majority of the third amended complaint.[1] The Court further denied Anderson's request to file a fourth amended complaint based on futility, undue delay, and prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019) (internal quotation marks omitted). We review a District Court's denial of motions for a stay of discovery, extension of time, and preliminary injunction for abuse of discretion. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (extension of time); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (staying discovery);

---

[1] Anderson's third amended complaint included two claims—breach of fiduciary duty based on constructive fraud and legal malpractice—which were supported by twenty factual allegations. The District Court held that both claims were largely time barred because the factual allegations supporting them occurred prior to the limitations period. However, a limited portion of the breach of fiduciary duty claim was not time-barred. The District Court conditionally dismissed this surviving claim at Anderson's request so that he could immediately pursue this appeal.

*Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 167 (2d Cir. 2001) (preliminary injunction). We review a District Court's ruling on equitable tolling for abuse of discretion. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). We review a denial of leave to amend a complaint for abuse of discretion, unless the denial was based on an interpretation of law, in which case we review *de novo. See Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018).

## I.

Anderson contends that the District Court erred in denying certain preliminary motions. He first argues that the District Court abused its discretion by denying his motion, filed five months after his first amended complaint, to stay the case so that he could hire a forensic accountant to analyze his financial records. Anderson identifies no legal basis to support his claim that he was entitled to stay a case that he brought in order to investigate, during the pendency of the action, materials in his own possession. We can discern none. Accordingly, we conclude that the District Court did not abuse its discretion in denying the request.

## II.

Anderson contends that the District Court abused its discretion in denying his motion for extension of time following the filing of his third amended complaint, while defendants' motion to dismiss was already pending. The District Court did not abuse its discretion by denying the request in light of Anderson's repeated delays and its previous order that no further extensions would be granted.

## III.

Anderson contends that the District Court abused its discretion by denying his request for an order to compel certain banks to keep open particular bank accounts. We construe this as a motion for a preliminary injunction, and we conclude that the District Court did not abuse its discretion in denying the request.

## IV.

Anderson next contends that the District Court erred by converting defendants' motion to dismiss into a motion for summary judgment. When documents outside the pleadings are presented on a motion to dismiss and are "not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and each party must be given an opportunity to present all relevant materials. Fed. R. Civ. P. 12(d). If the plaintiff is *pro se*, the District Court must provide prior notice before converting the motion. *See Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009). Anderson does not dispute that the parties submitted ample documents outside of the pleadings, but argues that the District Court did not provide sufficient notice to him of the conversion. But the District Court expressly informed Anderson, then proceeding *pro se*, that the motion would be

converted into a motion for summary judgment and gave Anderson three weeks to submit additional materials, including additional briefing. Following this order, counsel appeared on Anderson's behalf and requested a further extension of time; the Court granted an additional week. Anderson's opposition brief to defendants' motion reflected a clear understanding of summary judgment. We conclude that the District Court provided adequate notice and did not err in converting the motion to dismiss into a motion for summary judgment.

V.

Anderson also argues that the District Court erred in granting defendants' motion for summary judgment and dismissing the majority of his third amended complaint based on its conclusion that his two claims were largely time-barred. Anderson argues that the District Court erred in failing to construe his complaint as stating a breach of contract claim and consequently, by failing to apply the six-year statute of limitations for contract claims under New York law. We conclude that the District Court did not err in finding that, to the extent that the third amended complaint intended to assert a claim for breach of contract, Anderson did not adequately allege the existence of an oral contract or the breach of any such contract. The third amended complaint states that the parties entered into a verbal contract during a meeting on December 4, 1990; a transcript of this meeting is incorporated by reference into the third amended complaint. Under New York law, "an oral agreement is not enforceable unless there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Kelly v. Bensen*, 58 N.Y.S.3d 169, 172 (3d Dep't 2017) (internal quotation marks omitted). Here, the transcript that allegedly recorded the oral agreement makes clear that the parties did not clearly enter a contract with "sufficiently certain and specific" terms. *Rosenbaum v. Premier Sydell, Ltd.*, 659 N.Y.S.2d 52, 53 (2d Dep't 1997) (internal quotation marks omitted). Moreover, a complaint must plead the specific provisions of the contract that were allegedly breached and the specific actions of the defendants that constituted that breach. *See Sud v. Sud*, 621 N.Y.S.2d 37, 38 (1st Dep't 1995). The District Court did not err in concluding that the third amended complaint failed to meet this standard.

VI.

Anderson argues that the District Court erred by declining to equitably toll the statute of limitations. He contends that the Court should have equitably tolled the statute of limitations because he engaged in due diligence and extraordinary circumstances had prevented him from filing suit. But the District Court did not abuse its discretion by declining to toll the statute of limitations, a decision based on materials in the record that made clear that Anderson was aware of defendants' alleged wrongdoings several years prior to the filing of this suit. He also argues that the District Court erred in concluding that the continuous representation doctrine does not render any of his claims timely except for the surviving claims for breach of fiduciary duty for failure to file his 2009 and 2010 tax returns. But according to Anderson's own submissions, defendants had "repudiate[ed]

4

all "representation and services" (except for completing his 2009 and 2010 tax returns) on December 16, 2011— outside of the relevant three-year statute of limitations. Doc. No. 64-2 at 34.

## VII.

Finally, Anderson contends that the District Court erred in denying leave to amend to file a fourth amended complaint, particularly so that he could reinstate his civil RICO claim. Anderson had included this claim in his original complaint and the first amended complaint, but he had not included it in his second or third amended complaints. We conclude that the District Court did not abuse its discretion in finding that Anderson unduly delayed in moving for leave to file his fourth amended complaint and that allowing him to file this complaint would unduly prejudice defendants.

## **CONCLUSION**

We have reviewed all of the arguments raised by Anderson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk