Harris v Reagan (2019 NY Slip Op 07972)





Harris v Reagan


2019 NY Slip Op 07972


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

527716

[*1]Calvin L. Harris, Appellant,
v
Joseph C. Reagan, Respondent.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Bellavia Blatt, PC, Mineola (Steven H. Blatt of counsel), for appellant.
Harris Beach, LLP, Pittsford (Kelly S. Foss of counsel), for respondent.



Devine, J.
Appeal from an order of the Supreme Court (O'Shea, J.), entered October 9, 2018 in Cortland County, which granted defendant's motion for an order permitting him to make payments into escrow.
The underlying facts are set forth in this Court's prior decision (161 AD3d 1346 [2018]). As is relevant here, this case involves a dispute over the terms of an agreement providing that, under certain circumstances, plaintiff would convey his shares in two automobile dealerships to defendant in return for monthly payments of $15,000 for 20 years. Defendant received the shares and began making the payments after plaintiff was found guilty by a jury of murdering his wife in 2007. Plaintiff successfully challenged that verdict and, after extended efforts, was acquitted in 2016. Plaintiff claims that the agreement required the return of the shares, cessation of payments and transmutation of prior payments to salary upon his acquittal, and that defendant has converted his property by retaining the shares. Defendant maintains that all of that is a fiction, that he purchased the shares and that the monthly payments are installments on the purchase price. After we reversed an order granting defendant's motion to dismiss the complaint (161 AD3d at 1348-1350), defendant answered and counterclaimed for unjust enrichment upon the ground that, if plaintiff prevails, defendant is entitled to damages for the "salary" paid to plaintiff given that nothing of value was received in return. Defendant further moved for an order directing that he make the monthly payments into escrow. Supreme Court granted the motion, prompting this appeal by plaintiff.
We reverse. Defendant's position is that he purchased plaintiff's shares and that the monthly payments must continue until the purchase price is paid in full, while plaintiff asserts that the shares should have been returned to him after his acquittal and that the payments must continue until that transfer occurs. In other words, although there is a dispute as to the nature of the payments, defendant is obliged to make them while he possesses the shares under either party's interpretation of the agreement. His stated goal in seeking authorization to make the payments into escrow was to create a pool of money to satisfy an eventual judgment, but CPLR 2701 cannot be used to achieve that end where the parties are locked "in a disputed contract action" like this one (Renad, Inc. v Grana, Ltd., 127 AD2d 994, 995 [1987]; see Norwalk v J.P. Morgan & Co., 268 AD2d 413, 416 [2000]; Rosenblat v Seidman, 243 AD2d 699, 699-700 [1997]; Island Intellectual Prop. LLC v Reich & Tang Deposit Solutions, LLC, 57 Misc 3d 195, 216 [Sup Ct, NY County 2017], mod on other grounds 155 AD3d 542 [2017]).[FN1] Defendant's counterclaim for unjust enrichment does not sound in contract, but is of dubious merit given that plaintiff's entitlement to the monthly payments is governed by the terms of the parties' agreement (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]; Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1139 [2018]). In any event, to allow defendant to invoke CPLR 2701 simply because of that claim's existence "would be too facile a way to avoid and undermine the settled" rule against using the statute "to preserve a fund for eventual execution of judgment in suits for money damages" (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 548 [2000]). Defendant, as a result, failed to establish statutory grounds for the relief he sought.
Finally, although Supreme Court does have "inherent plenary power to fashion any remedy necessary for the proper administration of justice" with regard to the payments (People ex rel. Doe v Beaudoin, 102 AD2d 359, 363 [1984]; see Matter of Wien & Malkin v Wichman, 255 AD2d 244, 244 [1998]; Cane v Herman, 209 AD2d 368, 368 [1994]), there is no reason to exercise that power in a case where similar statutory relief is not called for and its use would deprive plaintiff of monies to which he is entitled under defendant's own interpretation of their agreement. Thus, we find that Supreme Court abused its discretion in directing that the payments be made into escrow.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion denied.



Footnotes

Footnote 1: Supreme Court invoked CPLR 2701 (1), and the parties argue over whether the case should be analyzed under CPLR 2701 (1) or (2). We note that the two provisions "appear[] to grant the same powers," although courts have relied upon CPLR 2701 (2) more often (5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 2701.09 [2019]). The outcome in this case is the same regardless of which subdivision is used.